UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 2 7 2008

MICHAEL N. MILBY, CLERK OF COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | H 08  98 |
| v. | § § | CRIMINAL NO. |
| | § § | 18 U.S.C. § 1341 - Mail Fraud |
| STEVE TODD LANNI | § | 18 U.S.C. § 1343 - Wire Fraud |

INDICTMENT

Sealed
Public access
to this instrument are
PER ARREST

3/10/08

THE GRAND JURY CHARGES:

## COUNTS ONE THROUGH THREE
### (18 U.S.C. § 1341 - Mail Fraud)

At all times material to this Indictment:

1.   **STEVE TODD LANNI**, defendant herein, was the owner and operator of Factory Direct Spas, located at 10814 Old Katy Road, Houston, Texas 77043, a small businesses in the Houston Metropolitan Area which sold spas and/or hot tubs to consumers.  **DEFENDANT LANNI** advertised and sold hot tubs and spas on the Internet and on the E-Bay website.

### THE SCHEME AND ARTIFICE TO DEFRAUD

2.   From about January 1, 2004 and continuing to on or about January 12, 2006, **STEVE TODD LANNI** devised and intended to devise a scheme and artifice to defraud and for obtaining money by means of material false and

fraudulent pretenses, representations and promises, in that **DEFENDANT LANNI** falsely represented that in exchange for payment he would deliver hot tubs or spas to his customers, when in fact **DEFENDANT LANNI** accepted payment, but provided neither a hot tub or a spa.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

3. It was part of the scheme and artifice to defraud that **DEFENDANT LANNI** would and did advertise for sale hot tubs and spas on websites owned by **DEFENDANT LANNI** and on the website owned by E-Bay.

4. It was further part of the scheme and artifice to defraud that these websites advertised hot tubs and spas for sale by **DEFENDANT LANNI** inside the United States and outside the United States.

5. It was further part of the scheme and artifice to defraud that **DEFENDANT LANNI** would and did require his customers to pay for the hot tub or spa by wire, by check, or other monetary instrument before the hot tub or spa was to be delivered to the customer.

6. It was further part of the scheme and artifice to defraud that **DEFENDANT LANNI** would and did receive and deposit checks or other monetary instruments from customers without providing the customers the promised hot tub or spa.

7.  It was further part of the scheme and artifice to defraud that **DEFENDANT LANNI** would and did receive payment from customers via wire transfer to **DEFENDANT LANNI'S** accounts for the hot tubs or spas, without providing the customers the promised hot tub or spa.

8.  It was further part of the scheme and artifice to defraud that, after accepting payment, **DEFENDANT LANNI** would and did fraudulently promise to provide the hot tub or spa to avoid or to delay complaints by customers to the E-Bay website.

## EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

9.  On or about the dates listed below, in the Southern District of Texas and elsewhere, **DEFENDANT,**

**STEVEN TODD LANNI,**

aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud, caused to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal

Service or by any private or commercial interstate carrier, and caused to be sent or delivered according to the direction thereon, the following mail matter:

| Ct. | Date of Mailing | Check Number | Check Amount / Bank | Customer |
|---|---|---|---|---|
| 1 | November 22, 2005 | 3005 | $4959.00<br>Webster Bank<br>Webster Plaza<br>Waterbury, CT 06405 | John Chambers and Yvette Chambers |
| 2 | December 30, 2005 | 1702 | $1480.00<br>U.S. Bank<br>1251 Vermont Rd.<br>Cheyenne, WY 82009 | John Glenn |
| 3 | January 9, 2006 | 281901359 | $2365.00<br>AEA<br>1780 S. 1st St.<br>Yuma, AZ 85364 | Steven Anderson |

**In violation of Title 18 United States Code, Sections 1341 and 2.**

## COUNTS FOUR THROUGH ELEVEN
### (18 U.S.C. § 1343 - Wire Fraud)

1. The grand jury realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs One through Eight of Counts One through Three of the Indictment.

### EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

2. On or about the dates listed below, in the Southern District of Texas and elsewhere, **DEFENDANT**,

**STEVEN TODD LANNI,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly devise, intend to devise, and participate in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises as previously set forth in this indictment, and for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, pictures, or sounds:

| Ct. No. | Date of Wiring | DESCRIPTION OF WIRE TRANSMISSION |
|---|---|---|
| 4 | September 26, 2005 | Wire transfer in the amount of $4,900 from the Bank of America account of John Cooper in Greenwood, South Carolina, to the account of Texas Quality Materials d/b/a Factory Direct Spas at Chase Bank in Houston, Texas. |
| 5 | October 24, 2005 | Wire transfer in the amount of $4,250 from the Bank of America account of Steve Malbis in Pensacola, Florida, to the account of Texas Quality Materials d/b/a Factory Direct Spas at Chase Bank in Houston, Texas. |
| 6 | October 14, 2005 | Wire transfer in the amount of $4,554 from the America First Credit Union account of Gary Potter in Salt Lake City, Utah, to the account of Texas Quality Materials d/b/a Factory Direct Spas at Chase Bank in Houston, Texas. |
| 7 | October 20, 2005 | Wire transfer in the amount of $3,149 from the First South Credit Union account of Jeff Williams in Gatlinberg, Tennessee, to the account of Texas Quality Materials d/b/a Factory Direct Spas at Chase Bank in Houston, Texas. |
| 8 | October 25, 2005 | Wire transfer in the amount of $4,294 from the U.S. Central Credit Union account of Dianne Dupuis in Milan, New Hampshire, to the account of Texas Quality Materials d/b/a Factory Direct Spas at Chase Bank in Houston, Texas. |
| 9 | November 23, 2005 | Wire transfer in the amount of $4,194 from the U.S. Central-Naheola Credit Union account of Christopher Norris in Fulton, Alabama, to the account of Texas Quality Materials d/b/a Factory Direct Spas at Chase Bank in Houston, Texas. |

| Ct. No. | Date of Wiring | DESCRIPTION OF WIRE TRANSMISSION |
|---|---|---|
| 10 | November 28, 2005 | Wire transfer in the amount of $5,693 from the National Financial Services account of James Hamilton in Lisboton, Massachusetts, to the account of Texas Quality Materials d/b/a Factory Direct Spas at Chase Bank in Houston, Texas. |
| 11 | August 24, 2005 | Wire transfer in the amount of $2,999 from the Chittenden Bank account of Walter Smith in Barre, Vermont, to the account of Texas Quality Materials d/b/a Factory Direct Spas at Chase Bank in Houston, Texas. |

**In violation of Title 18 United States Code, Sections 1343 and 2.**

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461, as a result of the commission of a violation of mail fraud as charged in Counts One through Three of the Indictment, notice is given that **DEFENDANT LANNI** Lanni shall forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses of Title 18, United States Code, Section 1341 as charged in the Indictment, including but not limited to, a money judgment for the full amount of the proceeds traceable such violations.

Pursuit to Title 18, United States Code Section 981(a)(1) and Title 28, United States Code, Section 2461, as a result of the commission of a violation of wire fraud as charged in Counts Four through Nine of the Indictment, notice is given that **DEFENDANT LANNI** shall forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses of Title 18, United States Code, Section 1343 as charged in the Indictment, including but not limited to, a money judgment for the full amount of the proceeds traceable such violations.

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of **DEFENDANT LANNI** :

    a.    Cannot be located upon exercise of due diligence;

    b.    Has been placed beyond the jurisdiction of the Court;

    c.    Has been transferred or sold to, or deposited with a third party;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of **DEFENDANT LANNI** up to the value of such property, pursuant to Title 21,

United States Code, Section 853(p), made applicable to these offenses by Title 18, United States Code, Section 982(b)(1).

                                  A TRUE BILL

                                  Original Signature on File

                                  FOREMAN OF THE GRAND JURY

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

By: _____
     VERNON L. LEWIS
     Assistant United States Attorney