## SENTENCE DATA SHEET

**DEFENDANT:**   STEVE TODD LANNI

**CRIMINAL NO:** H-08-98

**Defendant'S IMMIGRATION STATUS:**  United States Citizen

**GUILTY PLEA:**  Count Eight (Wire Fraud)

**SUBSTANCE  OF PLEA AGREEMENT:**

Pursuant to <u>Rule 11(c)(1)(A) and (B)</u> - Defendant will plead guilty to Count Eight of the Indictment **and agrees to waive his right to appeal except as to any error of law made by the Court in sentencing, including a sentence in excess of the statutory maximum.**

The United States agrees as follows:

    a.    That it will not file additional charges arising from the transactions made the subject of this criminal information;

    b.    That it will not oppose a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(a); and

**COUNT EIGHT**
**ELEMENTS:**        Wire Fraud (18 U.S.C. §1343)

**Title 18, United States Code, Section 1343**, makes it a crime for anyone to use interstate wire communications facilities in carrying out a scheme to defraud.  To be guilty of this crime, the United States must prove:

1)    That the defendant knowingly created a scheme to defraud, that is that Defendant Steve Lanni, acting as the owner of a business, Texas Quality Materials, willfully executed a scheme to defraud Eric Dupuis and Diana Dupuis of $4294.00.  Defendant Steve Lanni  did cause to be transmitted in interstate commerce, by means of a wire communication, funds from the bank account of Eric Dupuis and Diana Dupuis through the Federal Reserve Bank of New York into the bank account of Texas Quality Materials, in Houston Texas;

2)    That the defendant acted with an specific intent to defraud;

3)    That the defendant used interstate wire communications facilities for the purpose of carrying out the scheme; and

4)    That the scheme to defraud employed false material representations.

**PENALTY:**        Imprisonment not to exceed 20 years; and/or fine not to exceed $250,000.

**ALTERNATIVE**
**FINE BASED ON**
**GAIN OR LOSS**
**18 U.S.C. 3571(d):**        18 U.S.C. Section 3571 (d) is applicable.  Defendant Lanni derived a gain of $191,734.49 from the fraud scheme.  Twice the gain amount equals, $383,468.98, which is greater than $250,000.

**SENTENCING
GUIDELINES:**          **Advisory**

**SUPERVISED
RELEASE:**          Not to exceed three (3) years (18 U.S.C. §3583).

If the Defendant violates the terms of supervised release, the
Court may revoke a term of supervised release, and require the
Defendant to serve in prison all or part of the term of
supervised release authorized by statute for the offense that
resulted in such term of supervised release without credit for
time previously served on post-release supervision, if the court,
pursuant to the Federal Rules of Criminal Procedure applicable
to revocation of probation or supervised release, finds by a
preponderance of the evidence that the Defendant violated a
condition of supervised release, except that a Defendant whose
term is revoked under this paragraph may not be required to
serve on any such revocation more than 5 years in prison if the
offense that resulted in the term of supervised release is a class
A felony, more than 3 years in prison if such offense is a class
B felony, more than 2 years in prison if such offense is a class
C or D felony, or more than one year in any other case; or

The Court may order the Defendant to remain at her place of
residence during non-working hours and, if the Court so
directs, to have compliance monitored by telephone or
electronic signaling devices, except that an order under this
paragraph may be imposed only as an alternative to
incarceration.

**SPECIAL
ASSESSMENT:**          $100 per count of conviction

**ATTACHMENT:**          Plea Agreement.