UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**

v.                                  § CRIMINAL NO.: H-08-98

**STEVE TODD LANNI**

PLEA AGREEMENT

The United States of America, by and through Tim Johnson, United States Attorney for the Southern District of Texas and Vernon Lewis, Assistant United States Attorney, and the defendant, Steve Todd Lanni, and the defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Defendant's Agreement**

1. The defendant agrees to plead guilty to Count Eight of the Indictment. Count Eight charges defendant with Wire Fraud, in violation of Title 18, United States Code, Section 1343. The defendant agrees that this Plea Agreement is being made pursuant to Rule 11(c)(1)(A) and (c)(1)(B) of the

Federal Rules of Criminal Procedure. The defendant, by entering this plea agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 1343, is imprisonment of not more than twenty years and a fine of not more than $250,000.00. Additionally, the defendant may receive a term of supervised release after imprisonment of up to three years. Title 18, U.S.C. §§ 3559(a)(3) and 3583(b)(2).

Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release up to two years, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

4. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall

make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing. Further, the Defendant agrees to full restitution to the victim(s) regardless of the counts of conviction.

### Waiver of Appeal

7. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> a sentence imposed above the statutory maximum. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

8. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not

make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement. **If the defendant instructs his attorney to file a notice of appeal at the time sentence is imposed or at any time thereafter, the United States will seek specific performance of these provisions.**

**If the defendant instructs his attorney to file any post-conviction collateral attack on his conviction or his sentence, the United States will seek specific performance of defendant's waiver.**

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If defendant pleads guilty to Eight of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will not file additional charges against the defendant arising from the transactions made the subject of this Criminal Indictment;

(b) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines;

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.  Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count Eight of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable

doubt. The following facts, among others would be offered to establish the Defendant's guilt:

Beginning on or about January 1, 2004 and continuing through January 12, 2006, in Harris County, in the Southern District of Texas, Defendant Steve Todd Lanni, as the owner of Factory Direct Spas, devised and intended to devise a scheme and artifice to defraud for obtaining money by means of material false and fraudulent pretenses and representations in that Defendant falsely represented that in exchange for payment he would sell hot tubs or spas to his customers, when in fact Defendant accepted payment, but did not provide either a hot tub or a spa.

It was part of the scheme and artifice to defraud that Defendant would and did advertise for sale hot tubs and spas on E-bay Website, both inside the United States and outside the United States.

It was further part of the scheme that Defendant induced his customers to pay for the hot tub or spa by wire, by check, or other monetary instrument before the hot tub or spa was to be delivered to the customer.

Upon receipt of payment from customers, Defendant deposited the funds into his business accounts and used some of the funds for personal expenses without providing the customers the promised hot tub or spa.

Afttter receiving payment, Defendant then fraudulently promised to provide the hot tub or spa to avoid or to delay complaints by customers to the E-bay website. Further, Defendant knowingly and intentionally gave his customers false information regarding the construction and/or delivery of the hot tubs when customers began to demand delivery of the agreed upon product.

During and in relation to the wire fraud scheme, Defedant Steve Todd Lanni did intentionally and knowingly and for the purpose of executing and attempting to execute the scheme and artifice to defraud, and obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises described above, did knowingly cause $4294.00, to be wired to the bank account of Factory Direct Spas from the bank account of his customers, Eric Dupuis and Dianne Dupuis, on October 25, 2005. Defendant accepted this payment but did not deliver the agreed upon hot tub.

As a result of the scheme, Defendant received at least $38,283.00 from customers who paid for hot tubs or spas, but did not receive any merchandise from the Defendant.

**Breach of Plea Agreement**

15. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its

obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

16. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

### Forfeiture

17. This plea agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees to forfeit whatever interest he may have in assets related to the commission of the offense charged in the indictment.

18. Defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of defendant's assets to deliver all funds and records of such assets to the United States.

## Complete Agreement

19.     This written plea agreement, consisting of 16 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

20.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ~~3 December 20~~ Houston, Texas, on 3 December 2009, 2009.

_____
Defendant

13

Subscribed and sworn to before me on 3 December 2009
, 2009.

                                        UNITED STATES DISTRICT CLERK

                          By: _____
                                Deputy United States District Clerk

APPROVED:

TIM JOHNSON
United States Attorney

By: _____    _____
     Vernon L. Lewis                        Tom Berg
     Assistant United States Attorney   Attorney for Defendant
     Southern District of Texas
     Telephone:  713/567-9605
     Facsimile:    713/718-3304

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

| | | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. : H-08-98 |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| STEVE TODD LANNI | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge,

Defendant's decision to enter into this agreement is an informed and voluntary one.

_____    12/3/09
**Tom Berg**                   Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____    12/3/09
**Steve Todd Lanni**           Date
Defendant